```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


JEFFREY S. CASHMAN and         :
PATRICIA CASHMAN               :
                               :
Plaintiffs,                    :
                               :
v.                             :     Case No. 3:14-cv-1539(RNC)
                               :
THOMAS W. LANE and             :
TOWN OF CLINTON                :
                               :
     Defendants.               :
                               :
```

RULING AND ORDER

Jeffrey and Patricia Cashman bring this action under 42 U.S.C § 1983 against Thomas Lane and the Town of Clinton, alleging violations of their equal protection and substantive due process rights.  Defendants have moved to dismiss for lack of subject matter jurisdiction.  They contend that plaintiffs' claims are not ripe for judicial review.  I agree and therefore grant the motion to dismiss.

I.   Background

Plaintiffs own real property located at 66 River Road in Clinton.  Compl. (ECF No. 1) ¶¶ 3, 8.  Plaintiffs purchased this property in August 1987 and "attempted to establish a nursery and farm operation thereon."  Id. ¶¶ 8, 10.  At that time, the Clinton Zoning Regulations did not require a permit or certificate of compliance for a "nursery, truck garden or farm when no building or other structure is to be established in

1

connection therewith." Id. ¶ 10. In 1990, plaintiffs applied for and received Public Act 490 classification as farmland, which included their nursery operation. Id. ¶ 13. Over the next several years, plaintiffs used their property both as a nursery and a farm, and began to process mulch and firewood for commercial sale. Id. ¶ 14. Plaintiffs also kept livestock on the property. Id. ¶ 13.

Effective January, 1, 2012, the Clinton Zoning Regulations were amended in three major respects: (1) nurseries, truck gardens, farms, and greenhouses were required to be special exception uses in all resident zones; (2) the provision that no zoning permit was required for nurseries, truck gardens or farms was eliminated; and (3) the livestock regulation was revised to read: "All livestock shall be kept in a building, stable or enclosure, not less than the legal setback for the appropriate zone for any abutting residential or Village Zone property and one hundred feet away from any well or water body from which water is taken for human consumption." Id. ¶ 16.

On April 16 and November 15, 2012, Thomas Lane, the Zoning Enforcement Officer for the Town of Clinton, issued to plaintiffs Orders to Discontinue their farming operations (the "Orders"), citing numerous violations of the amended regulations. Id. ¶ 20. The Orders explicitly provide that they "may be appealed to the Zoning Board of Appeals of the Town of Clinton within fifteen

days of its receipt." Ex. A to Def.'s Memo. (ECF No. 28-2) at 2. Plaintiffs did not appeal. Lane v. Cashman, MMX-CV-12-6008324-S, 2014 WL 2854017, at *1 (Conn. Super. Ct. May 21, 2014). To enforce the Orders, Lane filed an action against plaintiffs in Connecticut Superior Court under Connecticut General Statutes § 8-12. Id. In defending that action, plaintiffs asserted two special defenses which alleged pre-existing nonconforming use. Id. On May 15, 2013, the Superior Court granted plaintiffs' motion to strike these defenses for failure to exhaust administrative remedies. Id. Plaintiffs then asserted a third special defense of municipal estoppel, which was also stricken on May 21, 2014. Id. at *4.

Plaintiffs filed this action on October 20, 2014, alleging that "defendants have persistently attempted, in a variety of ways, to enforce the aforesaid void and unlawful orders, all for the express purpose of depriving the plaintiffs of the use of their land and of inflicting economic injury upon them." Compl. (ECF No. 1) ¶ 21. Plaintiffs further allege that "[n]o other farming operation in the Town . . . has been subjected to the type of wrongdoing described above" and that defendants' actions are "irrational, wanton and malicious." Id. ¶¶ 23-24. Plaintiffs seek relief pursuant to 28 U.S.C. § 1983 for violations of their equal protection and substantive due process rights. Id. ¶ 26.

II. Discussion

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). To defeat a motion to dismiss under Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction. Id. Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by referring to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

In Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985), the Supreme Court articulated a two-prong test for assessing the ripeness of takings-type claims. The first prong requires a claimant to establish that the government entity charged with enforcing the zoning regulations at issue has rendered a "final decision" regarding the application of the regulation to the property at issue. Id. at 186; see Ferris v. Town of Guilford, No. 3:10-CV-2014 (CSH), 2015 WL 128029, at *4 (D. Conn. Jan. 8, 2015) (the first prong requires a plaintiff "to obtain a final, definitive position as to how it could use the property from the entity charged with implementing the zoning regulations" in an effort to prohibit the plaintiff from

"bootstrap[ping] itself into a constitutional claim by refusing to pursue a local zoning appeal process"). Under the second prong, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Williamson Cty., 473 U.S. at 195.

Though the Court decided Williamson in the takings context, the Second Circuit has extended the requirement of administrative finality to substantive due process, procedural due process and equal protection claims. See Dougherty v. Town of Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88-89 (2d Cir. 2002).[1] The Second Circuit has recognized that the finality requirement of the first prong may be excused "if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile" or if the "zoning board of appeals . . . sits purely as a remedial body." Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 349 (2d Cir.

---

[1] As plaintiffs point out in their opposition papers, a plaintiff may assert two distinct substantive due process claims: one alleging an unconstitutional regulatory taking without just compensation and another alleging that a zoning board's decisions were arbitrary and capricious. Southview Assoc., Ltd. v. Bongartz, 980 F.2d 84, 96 (2d Cir. 1992). The test to determine the viability of an alleged regulatory taking is subject to both prongs of the Williamson ripeness test. Id. In contrast, the separate and distinct substantive due process claim of arbitrary and capricious or illegitimate and irrational decisions on the part of a zoning board is subject only to the first, final decision, prong of the Williamson ripeness test. Id. at 97.

2005).

Here, defendants argue that plaintiffs have not met the first prong of Williamson, and that plaintiffs' substantive due process and equal protection claims are therefore not ripe for judicial determination.  Defendants present evidence that plaintiffs appealed neither the April 16 nor the November 15, 2012 Orders to Discontinue to the Clinton Zoning Board of Appeals, even though the Orders clearly stated that plaintiffs had fifteen days to do so.  See Ex. A to Def.'s Memo. (ECF No. 28-2); Lane, 2014 WL 2854017, at *1.  In addition, defendants submit that plaintiffs have not alleged that they requested either variance relief or a determination that their use of the property constituted a valid nonconforming use.

Defendants cite three cases in support of their arguments.  In all three, courts in this District granted similar motions to dismiss on ripeness grounds.  See Ferris, 2015 WL 128029, at *7 (granting motion to dismiss when plaintiff did not appeal Guilford's decision to the Superior Court); Lawson v. East Hampton Planning & Zoning Comm'n, No. 3:08CV1270 (AHN), 2008 WL 4371297, at *4 (D. Conn. Sept. 22, 2008) (same when plaintiff did not seek variance or exception from the East Hampton ZBA); Wiacek Farms, LLC v. City of Shelton, No. Civ. 304CV1635(JBA), 2005 WL 2850154, at *5-6 (D. Conn. Oct. 28, 2005) (same when plaintiff did not appeal "stop work" orders to the Sheldon ZBA).  Plaintiff

is unable to cite any relevant cases to the contrary.

Accordingly, I conclude that plaintiffs have not established by a preponderance of the evidence that this Court has subject matter jurisdiction over the complaint.  See Makarova, 201 F.3d at 113.  Plaintiffs have neither pleaded nor presented any evidence that a final decision has been entered or that they sought a variance or exception.  To the contrary, the exhibits submitted by defendants show that plaintiffs chose *not* to appeal either of the Orders and that a statutory enforcement action remains pending in Superior Court.  Further, plaintiffs have neither pleaded nor presented evidence that such an appeal or variance request would be futile or that the Clinton Zoning Board of Appeals is a remedial body.  Because plaintiffs have not met the first prong of Williamson, their claims are not yet ripe for adjudication and must be dismissed.

VI.  Conclusion

Accordingly, defendant's motion to dismiss [ECF No. 28] is hereby granted and the case is dismissed.  The Clerk may close the file.

So ordered this 31st day of March 2016.

                              _____/s/ RNC_____
                              Robert N. Chatigny
                              United States District Judge